JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Detective Lisa Salvato

## DEFENDANTS
Lt. Thomas Smith
Capt. John Darby
City of Philadelphia

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Philadelphia**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Alexis Zafferes, Esq.
Office of Brian M. Puricelli, Esq.
691 Washington X-ing Rd.
Newtown PA (215) 504-8115

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☑ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 2000(e) / Title VII
Brief description of cause:
Discrimination of Race & Sex and Retaliation for opposition.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Lisa Salvato                                        :        CIVIL ACTION
                    v.
Lt. Thomas Smith                                    :
Capt. John Darby                                    :        NO.
City of Philadelphia                                :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

_4/18/2013_          _Alexis Zafferes_          _Plaintiff_
Date                 Attorney-at-law            Attorney for

_215-504-8115/8116_          _zafferesa@puricellilaw.com_
Telephone            FAX Number            E-Mail Address

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __729 Bergen St. Philadelphia PA__

Address of Defendant: __1515 Arch St. Philadelphia PA (City Law Dept.)__

Place of Accident, Incident or Transaction: __Philadelphia__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☑

Does this case involve multidistrict litigation possibilities?    Yes☐   No☑

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☑

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, __Alexis Zafferes__, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: __4/18/2013__   _[signature]_   __308423__
                      Attorney-at-Law      Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __4/18/2013__   _[signature]_   __308423__
                      Attorney-at-Law      Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LISA SALVATO** | : | CIVIL ACTION |
| Plaintiff, | : | JURY DEMAND |
| v. | : | |
| **LIEUTENANT THOMAS SMITH,** **CAPTAIN JOHN DARBY,** and **CITY OF PHILADELPHIA** | : | |
| Defendants. | : | |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff brings this civil action seeking all relief provided under the law including but not limited to compensatory, consequential, nominal, and punitive damages, reasonable attorney fees, litigation costs, and equitable relief.

2. The relief sought is provided under the Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e, et seq.), and the comparable state law, Pennsylvania Human Relations Act (43 P.S. § 951-963 et seq.), for the denial of equal employment terms and conditions because of Plaintiff's sex and/or race, and/or retaliation for opposing perceived sex and/or race discrimination.

3. The Defendants at all times related to the claims knew or were on notice that their conduct would result or likely result in a deprivation of employment rights, and that their conduct would subject them to liability under Title VII (42 U.S.C. §2000(e) et seq.), and the comparable Pennsylvania Human Relations Act (43 P.S.. § 951-963 et seq.).

1

4. As is more fully set forth below, Defendants for all times related to the claim acted as aiders and abettors of the City of Philadelphia's policy to discrimination against employees based on sex and/or race or to retaliate against employees for opposing perceived sex and/or race employment discrimination.

## II. JURISDICTION / VENUE

5. Jurisdiction for the District Court to hear this action is afforded to the District Court pursuant to 28 U.S.C. § 1331 (Federal Question), Title VII (42 U.S.C. 2000e et seq.), and 28 U.S.C. § 1343 (3) and (4) (Civil Rights).

6. Venue properly lies in the United States District Court for the Eastern District of Pennsylvania because the cause of action herein pleaded occurred in Philadelphia County which is located in the venue established for the District Court for the Eastern District of Pennsylvania. Plaintiff's invoke supplemental jurisdiction under 28 U.S.C. § 1367 so the District Court can resolve the state pendent claims.

## III. PARTIES

7. Plaintiff, LISA SALVATO (herein after Plaintiff) is a resident of and has domicile in the County of Philadelphia, Pennsylvania; she is an employee as intended under Title VII (42 U.S.C. § 2000(e).

8. Defendant, LIEUTENANT THOMAS SMITH, (herein after Defendant "Lt. Smith") is a resident of and has domicile in the County of Philadelphia, Pennsylvania; he is a supervisor with control and authority over the Plaintiff and her terms and conditions of employment with the City of Philadelphia.

9. Defendant, CAPTAIN JOHN DARBY, (herein after Defendant "Capt. Darby") is a resident of and has domicile in the County of Philadelphia, Pennsylvania; he is a

supervisor with control and authority over the Plaintiff and her terms and conditions of employment with the City of Philadelphia.

10. Defendant, the CITY OF PHILADELPHIA (herein after Defendant, City) is a municipal entity that exists and acts only pursuant to state law; it is an employer of Plaintiff as intended under 42 U.S.C. § 2000(e) and employs more than 500 people.

## IV. FACTS

11. Plaintiff was hired by the Philadelphia Police Department on June 25, 1995. Plaintiff's protected class is White, female.

12. She was promoted to the rank of Detective on December 28, 2005 and assigned to the Special Victims Unit ("SVU") – *Administrative squad*, in February 2006. Her shift in SVU - Administrative squad was 7am x 3pm Monday through Friday.

13. Plaintiff has a daughter, who is presently 10 years old with special needs and ADHD. Plaintiff's supervisors in SVU were made aware of and had knowledge of these child care issues; Lt. Thomas Smith (White, male); Capt. John Darby (White, male).

14. Lt. Thomas Smith transferred into SVU in November 2010.

15. In **April 2012, Lt. Smith began making inappropriate comments** and harassing Plaintiff; constantly asking her why she was away from her desk, and calling her nicknames like "gabbygail" and "spankasauras".

16. In April 2012 Plaintiff complained to Capt. Darby about the comments by Lt. Smith. Capt. Darby replied "I don't deal with personal issues" and that he has "Lieutenants to deal with those issues", and did not discuss the matter further.

17. On **April 20, 2012 the PPD was hosting an "instructor development"**

3

course, which Plaintiff was denied attending by Capt. Darby. This training, although not mandatory, would have allowed Plaintiff to become an MPO (Municipal Police Training) instructor.

18. **Throughout May 2012 the comments by Lt. Smith continued.**

19. In June 2012 Plaintiff received a phone call from her daughters school but **Lt. Smith would not allow her to take the "personal call" while on duty.** Other officers were allowed to take personal phone calls while on duty, specifically; P/O Denise Holmes (Black, female) takes personal calls from children; Detective Valarie Miller (Black, female) does homework; P/O Janet Jones (Black, female) takes calls from children; *P/O Mike O'Brien (White, male) takes calls from family*; Lt. Smith(White, male) takes calls from children.

20. In mid June 2012 **Lt. Smith began documenting when Plaintiff logged in and out of work,** but did not do this for any other officers in SVU. Within SVU – Administration, Plaintiff and P/O Andrea Alexander were the only two White females. P/O Alexander was retiring in November 2012.

21. Around June 14, 2012 **Plaintiff asked Lt. Smith to be transferred from the 7am x 3pm shift to a steady 8am x 4pm shift because of child-care issues but was denied.** P/O Mike O'Brien also has a child with special needs and was allowed to change his shift from line-squad to a steady shift Monday through Friday. He was accommodated by being allowed to work as an investigator 8am x 4pm and 10am x 6pm alternating weeks. P/O Janet Jones (Black, female) also has child care issues and she was accommodated by being allowed to changed her shift form 8am x 4pm to 7am x 3pm. Detective Valarie Miller (Black, female) also has child care issues because she is a single parent, and was allowed to

4

change her hours to steady day work to accommodate her situation. P/O Denise Holmes (Black, female) was also allowed to change her work hour from 8am x 4pm to 7am x 3pm because of child care issues.

22. Plaintiff is aware of another White female, P/O Clare Duckworth, who was assigned to Child Abuse and asked to be placed on a steady shift due to a medical disability but was **denied.**

23. On **July 4, 2012, Plaintiff was assigned to work in the file room boxing documents.** Plaintiff was treated differently than other officers because she is not aware of any other female officer who was assigned to work in the file room; in Lt. Smith's time in SVU he would only ask male officers to work in the file room because it involved heavy lifting.

24. After working in the file room, Plaintiff developed a respiratory infection due to there being a buildup of mold in the room. On July 5th Plaintiff called out sick; she spoke to Lt. Biello who confirmed the mold buildup in the file room. Plaintiff remained out of work until July 11, 2012 due to the respiratory infection. She contacted Lt. Biello and informed him that she would be out sick, and produced doctor's notes upon her return.

25. While **Plaintiff was out sick she was "sick-checked" 3 times in 6 days.** All other officers in the administrative squad who were able to be sick-checked are Black, and none of the Black officers were sick-checked when they called out sick. Plaintiff is aware that P/O Janet Jones (Black, female) was out for 5 weeks due to an auto accident and was not sick-checked once. Plaintiff is aware of this information because she works in administration and all sick-checks must be documented through this squad; Plaintiff would have directly been notified of the sick-check paperwork.

26. On July 11, 2012 when she returned, **Lt. Smith issued her a warning letter for violations of Directive #66 (Sick policy) and was not paid for 3 days of work. The warning was put in her "personnel file"** (*not* the command file at SVU) which would now effect her transfer request, promotions, and benefits of employment. Plaintiff filed a grievance with the FOP for not being paid for 3 days of work.

27. On July 16, 2012 Plaintiff filed a complaint with the EEO Unit, for Lt. Smith's actions of name calling, and discriminatory treatment regarding child care issues and monitoring her sick time. IAB conducted an investigation into the allegations. (Plaintiff's EEO case was headed by Inspector Jerald Bates). Both Capt. Darby and Lt. Smith were notified about Plaintiff's EEO complaint and IAB investigation.

28. On **July 25, 2012 Plaintiff was called into Capt. Darby's office and reassigned from administrative squad (5-squad) to 1-squad; a rotating shift working 8 x 4 and 4 x 12.** The reason given was that Plaintiff was "unreliable" and "called out sick" too often. However, Plaintiff's performance evaluations are all satisfactory and do not reflect these complaints. Plaintiff grieved the reassignment with the FOP because she was not given adequate notice. Plaintiff still encounters Lt. Smith when working the 4 x 12 shift but no comments are made between them.

29. On July 25, 2012 a cleaning crew was called to remove the mold from the file room.

30. On July 25, 2012 Plaintiff reported to the Employee Assistance Program because of the extreme hardship with her new assignment.

31. On September 24, 2012, Plaintiff submitted transfer requests to Captain Darby for the following Units; Major Crimes, Criminal Intelligence, and Gun Permits. The requests were submitted to the Transfer Review Board and approved by the Commanding

Officers of the respective units, and subsequently Plaintiff was placed on the transfer eligibility list. **Plaintiff has not yet been approved by the Commission for a transfer.**

32. On **October 24, 2012, Plaintiff submitted a request to be moved to the steady "last-out" shift** (12am x 8am) for child care issues, because there were no open day-work positions, and also to remove herself from Lt. Smith. On October 31, 2012, her request was **disapproved** by Capt. Darby due to "staffing" reasons. Lt. Albert Rossi allegedly told Capt. Darby that he did not want Plaintiff on his shift. Plaintiff has knowledge that Lt. Rossi and Lt. Smith are good friends within the Department and that Lt. Rossi allegedly had knowledge of Plaintiff's complaints against Lt. Smith. Capt. Darby assigned two officers with less seniority than Plaintiff to the last-out shift. (Christopher Brennan, (White male) and Kimberly Organ (Black female).

33. On November 5, 2012 Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging violations of Title VII for race and sex discrimination and retaliation for opposing such behavior. Plaintiff has waited the required statutory time and has requested the EEOC issues her a Right-to-Sue.

34. On December 5, 2012 a memo was dispersed that there was an **open position for a "Compstat" officer.** The memo was dispersed on Plaintiff's regular day off so she would not get the opportunity to apply for the position. Plaintiff is qualified for the position because she had trained for the past five (5) years with the outgoing Compstat officers. This position was ultimately filled by Cpl. Lisa Moss (Black, female), who is of equal rank as Plaintiff but less experience.

35. Also, in December 2012, a memo was dispersed that there were two **open positions for officers in the Child Abuse section.** The memo was dispersed on Plaintiff's

7

regular day off so she would not get the opportunity to apply for the position. Plaintiff is qualified for the position because she was previously assigned to Child Abuse from 2007 until 2008. The two open positions were awarded to two officers with less seniority and who had less experience in Child Abuse than Plaintiff; (Patricial Everheart (White, female) and Linda Blowes (White, female).

36. In **January 2013, Plaintiff was denied over time** for a case to which she was assigned. Capt. Darby reassigned the case to another investigator; Manny Gonzalas (Hispanic male).

37. On **February 21, 2013 Lt. Smith threatened to not give Plaintiff overtime for court** because the court not filled out correctly. Lt. Smith had never threatened to deny Plaintiff overtime prior to her complaint with the EEO Unit and with EEOC.

38. To this date Plaintiff remains under the supervising authority of Lt. Smith and Capt. Darby despite her efforts to complain of their discriminatory, harassing and retaliatory treatment and to be transferred out of SVU. Defendants have failed to take prompt and appropriate action to remove Plaintiff from her harassers or take any corrective action.

39. Plaintiffs damages include; hospitalization for the respiratory infection, loss of sleep for which she is now taking prescription Sonesta; anxiety for which she is now taking prescribed Zanex; increased cost for child care due to working a rotating shift; a permanent disciplinary letter in her personnel file; and loss of 3 days without pay.

V.     CHARGES

COUNT I
Employment Discrimination/Retaliation/Hostile Work Environment
Title VII 42 U.S.C. § 2000e
Salvato v. City of Philadelphia

40.    Plaintiff incorporates the preceding paragraphs hereto and as though each were repeated verbatim.

41.    Defendants discriminated against Plaintiff based on her protected class, female, created a hostile work environment, and retaliated against her for opposing actions perceived to be in violation of Title VII (42 USC 2000e).

42.    Plaintiff engaged in the following *protected activity under Title VII*; a) In April 2012 Plaintiff complained to Capt. Darby about the comments by Lt. Smith;  b) On July 16, 2012 Plaintiff filed a complaint with the EEO Unit, for Lt. Smith's actions of name calling, and discriminatory treatment regarding child care issues and monitoring her sick time; c) On November 5, 2012 Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging violations of Title VII for race and sex discrimination and retaliation for opposing such behavior.

43.    Both prior to and subsequent to Plaintiff's protected activity Defendants *discriminated* against Plaintiff as outlined above.  Further, Defendants *retaliated* against her for engaging in such protected activity.  These discriminatory and retaliatory actions include but are not limited to the following:

   a) In April 2012 and continuing until Plaintiff's transfer, Lt. Smith began making inappropriate and harassing comments;
   b) On April 20, 2012 the PPD was hosting an "instructor development" course, which Plaintiff was denied attending by Capt. Darby;

    c) Lt. Smith would not allow her to take the "personal call" while on duty;

    d) In mid June 2012 Lt. Smith began documenting when Plaintiff logged in and out of work;

    e) Around June 14, 2012 Plaintiff asked Lt. Smith to be transferred from the 7am x 3pm shift to a steady 8am x 4pm shift because of child-care issues but was denied;

    f) On July 4, 2012, Plaintiff was assigned to work in the file room boxing documents.

    g) After working in the file room, Plaintiff developed a respiratory infection and was out of work from July 5th until July 11th, 2012. While Plaintiff was out sick she was "sick-checked" 3 times in 6 days;

    h) On July 11, 2012 when she returned, Lt. Smith issued her a warning letter for violations of Directive #66 (Sick policy) and was not paid for 3 days of work;

    i) On July 25, 2012 Plaintiff was called into Capt. Darby's office and reassigned from administrative squad (5-squad) to 1-squad; a rotating shift working 8 x 4 and 4 x 12;

    j) On October 24, 2012, Plaintiff's request to be moved to the steady 12am x 8am shift, for child care issues, was disapproved by Capt. Darby;

    k) In December 2012, open positions for a "Compstat" officer, and for an officer in the Child Abuse section became available.  Plaintiff is qualified, and applied, for the each position but did not get selected;

    l) In January 2013, Lt. Smith denied Plaintiff over time for a case to which she was assigned and again in February 2013 threatened to not give her overtime for court.

    44.    The substantial and/or motivating reason for the above mentioned adverse actions was the Plaintiff's race and/or sex and/or opposition to perceived violations of

Title VII.  As detailed above, Plaintiff was treated differently than similarly situated officers outside of her protected class.  For example, other officers were allowed to take personal phone calls while on duty, specifically; P/O Denise Holmes (Black, female) takes personal calls from children; Detective Valarie Miller (Black, female) does homework; P/O Janet Jones (Black, female) takes calls from children; P/O Mike O'Brien (White, male) takes calls from family; Lt. Smith (White, male) takes calls from children.  Another example is that P/O Mike O'Brien has a child with special needs and was allowed to change his shift from line-squad to a steady shift Monday through Friday.  Similarly, P/O Janet Jones (Black, female) also has child care issues and she was accommodated by being allowed to changed her shift form 8am x 4pm to 7am x 3pm.  Also, Detective Valarie Miller (Black, female) also has child care issues because she is a single parent, and was allowed to change her hours to steady day work to accommodate her situation; and P/O Denise Holmes (Black, female) was also allowed to change her work hour from 8am x 4pm to 7am x 3pm because of child care issues.  (See paragraphs 11-39).

   45. The above mentioned conduct was so pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile.  Defendants treatment was severe and pervasive, and has continued for over a year (April 2012 until the present).  Such behavior affected Plaintiff's ability to do her job and caused her to suffer physical damages, including; hospitalization for the respiratory infection, loss of sleep for which she is now taking prescription Sonesta; and anxiety for which she is now taking prescription Zanex.

   46. Defendants failed to take prompt and appropriate action to remedy the situation; specifically, to this date, Plaintiff remains under the supervising authority of Lt.

11

Smith and Capt. Darby despite her efforts to complain of their discriminatory, harassing and retaliatory treatment and to be transferred out of SVU. Defendants have failed to take prompt and appropriate action to remove Plaintiff from her harassers or take any corrective action.

47. The City of Philadelphia has a policy and/or practice, or condones and/or acquiesces to discrimination in employment terms and conditions because of race/sex, and/or retaliation for opposing race/sex discrimination in violation of Title VII (42 U.S.C. 2000(e) et seq.).

48. Defendants, Lt. Smith and Capt. Darby, have supervisory authority over Plaintiff's employment terms and conditions, overtime pay, tour of duty, hours of employment, and discipline. Defendant as a supervisor carried out the City's policy of employment discrimination and retaliation.

49. On November 5, 2012 Plaintiff filed a complaint with the EEOC alleging violations of Title VII for race and sex discrimination and retaliation for opposing such behavior. Named within the charge are Lt. Smith, Capt. Darby and the City of Philadelphia Police Department, so as to put the *City* of Philadelphia on notice of potential liability under the employment discrimination laws of the United States and Commonwealth of Pennsylvania and under federal law for a "cat's paw" theory of liability.

50. Plaintiff has exhausted her administrative remedies by allowing the EEOC 180 days of jurisdiction to investigate the claim, and has requested a "Right-to-Sue" letter from the Department of Justice, which allows her to bring this action in a federal court of law.

COUNT II
Employment Discrimination/Retaliation/Hostile Work Environment
Pennsylvania Humans Relations Act - 43 P.S. §§ 951 – 963
Salvato v. City of Philadelphia, Lt. Smith, Capt. Darby

51. Plaintiff incorporates the preceding paragraphs hereto and as though each were repeated verbatim.

52. Defendants discriminated against Plaintiff based on her protected class, female, created a hostile work environment, and retaliated against her for opposing actions perceived to be in violation of the Pennsylvania Humans Relations Act - 43 P.S. §§ 951-963.

53. Plaintiff engaged in the following *protected activity under the PHRA*; a) In April 2012 Plaintiff complained to Capt. Darby about the comments by Lt. Smith; b) On July 16, 2012 Plaintiff filed a complaint with the EEO Unit, for Lt. Smith's actions of name calling, and discriminatory treatment regarding child care issues and monitoring her sick time; c) On November 5, 2012 Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging violations of Title VII for race and sex discrimination and retaliation for opposing such behavior.

54. Both prior to and subsequent to Plaintiff's protected activity Defendants *discriminated* against Plaintiff as outlined above. Further, Defendants *retaliated* against her for engaging in such protected activity. These discriminatory and retaliatory actions include but are not limited to the following:

> m) In April 2012 and continuing until Plaintiff's transfer, Lt. Smith began making inappropriate and harassing comments;
> n) On April 20, 2012 the PPD was hosting an "instructor development" course, which Plaintiff was denied attending by Capt. Darby;
> o) Lt. Smith would not allow her to take the "personal call" while on duty;

p) In mid June 2012 Lt. Smith began documenting when Plaintiff logged in and out of work;

q) Around June 14, 2012 Plaintiff asked Lt. Smith to be transferred from the 7am x 3pm shift to a steady 8am x 4pm shift because of child-care issues but was denied;

r) On July 4, 2012, Plaintiff was assigned to work in the file room boxing documents.

s) After working in the file room, Plaintiff developed a respiratory infection and was out of work from July 5th until July 11th, 2012. While Plaintiff was out sick she was "sick-checked" 3 times in 6 days;

t) On July 11, 2012 when she returned, Lt. Smith issued her a warning letter for violations of Directive #66 (Sick policy) and was not paid for 3 days of work;

u) On July 25, 2012 Plaintiff was called into Capt. Darby's office and reassigned from administrative squad (5-squad) to 1-squad; a rotating shift working 8 x 4 and 4 x 12;

v) On October 24, 2012, Plaintiff's request to be moved to the steady 12am x 8am shift, for child care issues, was disapproved by Capt. Darby;

w) In December 2012, open positions for a "Compstat" officer, and for an officer in the Child Abuse section became available. Plaintiff is qualified, and applied, for the each position but did not get selected;

x) In January 2013, Lt. Smith denied Plaintiff over time for a case to which she was assigned and again in February 2013 threatened to not give her overtime for court.

55. The substantial and/or motivating reason for the above mentioned adverse actions was the Plaintiff's race and/or sex and/or opposition to perceived violations of the PHRA. As detailed above, Plaintiff was treated differently than similarly situated officers outside of her protected class. For example, other officers were allowed to take personal

phone calls while on duty, specifically; P/O Denise Holmes (Black, female) takes personal calls from children; Detective Valarie Miller (Black, female) does homework; P/O Janet Jones (Black, female) takes calls from children; P/O Mike O'Brien (White, male) takes calls from family; Lt. Smith (White, male) takes calls from children.  Another example is that P/O Mike O'Brien has a child with special needs and was allowed to change his shift from line-squad to a steady shift Monday through Friday.  Similarly, P/O Janet Jones (Black, female) also has child care issues and she was accommodated by being allowed to changed her shift form 8am x 4pm to 7am x 3pm.  Also, Detective Valarie Miller (Black, female) also has child care issues because she is a single parent, and was allowed to change her hours to steady day work to accommodate her situation; and P/O Denise Holmes (Black, female) was also allowed to change her work hour from 8am x 4pm to 7am x 3pm because of child care issues.  (See paragraphs 11-39).

57. The above mentioned conduct was so pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile.  Defendants' treatment was severe and pervasive, and has continued for over a year (April 2012 until the present).  Such behavior affected Plaintiff's ability to do her job and caused her to suffer physical damages, including; hospitalization for the respiratory infection, loss of sleep for which she is now taking prescription Sonesta; and anxiety for which she is now taking prescription Zanex.

57. Defendants failed to take prompt and appropriate action to remedy the situation; specifically, to this date, Plaintiff remains under the supervising authority of Lt. Smith and Capt. Darby despite her efforts to complain of their discriminatory, harassing and retaliatory treatment and to be transferred out of SVU.  Defendants have failed to take

prompt and appropriate action to remove Plaintiff from her harassers or take any corrective action.

58.  The City of Philadelphia has a policy and/or practice, or condones and/or acquiesces to discrimination in employment terms and conditions because of race/sex, and/or retaliation for opposing race/sex discrimination in violation of Title VII (42 U.S.C. 2000(e) et seq.).

59.  Defendants, Lt. Smith and Capt. Darby, have supervisory authority over Plaintiff's employment terms and conditions, overtime pay, tour of duty, hours of employment, and discipline. Defendant as a supervisor carried out the City's policy of employment discrimination and retaliation.

60.  On November 5, 2012 Plaintiff filed a complaint with the EEOC alleging violations of Title VII for race and sex discrimination and retaliation for opposing such behavior. Named within the charge are Lt. Smith, Capt. Darby and the City of Philadelphia Police Department, so as to put the individuals Defendants no notice of potential liability under the employment discrimination laws of the United States and Commonwealth of Pennsylvania and under federal law for "aider and abettor" theory of liability.

61.  Plaintiff has exhausted all of her administrative remedies by allowing the EEOC 180 days of jurisdiction to investigate the claim, and had requested a Right-to-Sue letter from the Department of Justice, which allows her to bring this action in a federal court of law.

VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court enter judgment for them and against the Defendants; to hold the Defendants jointly and severally liable; to award the Plaintiff such relief as to make Plaintiff whole, including such relief as, but not limited to, compensatory, consequential and punitive damages, front and back pay, negative tax consequence relief, reasonable attorney fees, litigation costs, and any and all other such relief, including equitable relief, allowed by law or that the Court deems proper and just. Including declaring the Defendants acts, actions or omissions to have violated the Plaintiffs' rights, the policy, practice or custom unconstitutional, overly broad or sweeping, and to enjoin the City and its employees from aiding or abetting the policy, practice and custom declared unconstitutional.

Date:   April 18, 2013

Respectfully submitted,

BY _____
Alexis I. Zafferes, Esq.
Attorneys for Plaintiff
LAW OFFICES OF BRIAN M. PURICELLI
691 Washington Crossing Rd.
Newtown PA 18940
(215) 504-8115/ 8116